Filed 12/8/15  P. v. Lynch CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DAMON JAMAL LYNCH, JR.,<br><br>　　　　Defendant and Appellant. | C077867<br><br>(Super. Ct. No. 62121515) |

Defendant Damon Jamal Lynch, Jr., entered a negotiated plea of no contest to the charge of violating Vehicle Code section 10851 and admitted personally using a firearm during commission of the crime.  His request to be released on his own recognizance pending sentencing pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*) was denied.  The trial court denied probation and sentenced defendant to an aggregate term of five years in state prison.

1

On appeal, defendant contends the trial court abused its discretion when it denied his *Cruz* waiver. He acknowledges the issue is "technically moot," but nonetheless urges us to exercise our inherent discretion to resolve the issue because it is "a broad public interest [issue] that is likely to recur." (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088.) We dismiss the appeal as moot.

Given the issue raised in this appeal, a recitation of the facts underlying defendant's conviction is unnecessary.

Defendant was charged by amended information with robbery (Pen. Code, § 211 -- count 1), carjacking (Pen. Code, § 215, subd. (a) -- count 2), and dissuading a witness by force or threat (Pen. Code, § 136.1, subd. (c)(1) -- count 3). The information alleged defendant personally used a firearm in the commission of the crimes (Pen. Code, §§ 12022.5, subd. (a)(1), 12022.53, subd. (b); unless otherwise stated, statutory references that follow are to the Penal Code).

At the conclusion of a jury trial, the court granted defendant's motion for directed verdict of acquittal as to count 1. The jury found defendant not guilty of count 3, but was unable to reach a verdict on count 2, and the court declared a mistrial as to that count.

The amended information was again amended to allege an additional charge of driving or taking a vehicle without the owner's consent and with the intent to permanently or temporarily deprive the owner of title to or possession of the automobile (Veh. Code, § 10851 -- count 4). The People dismissed counts 1 and 3.

Pursuant to a negotiated plea agreement, defendant pleaded no contest to violating Vehicle Code section 10851, subdivision (a), and admitted personally using a firearm in the commission of that offense (§ 12022.5, subd. (a)(1)) in exchange for a five-year state prison sentence. Defendant also requested a *Cruz* waiver, as follows:

"[DEFENDANT]:  I have never been in trouble before.  I was just basically asking if you would consider in between now and the time of sentencing like a *Cruz* waiver.  The only reason I ask is because my grandmother -- she just turned 67 -- is sick.  If she dies while I'm in prison, it will hurt me.  I want to see her one last time.  I have been here 16 months.  I don't plan to do anything silly.  I want to see her, say goodbye.  I don't want her to die while I'm in prison.  That's a serious possibility.  [¶] . . . [¶]

"[THE COURT]:  Well, she is only 67.

"[DEFENDANT]:  Well, she is seriously ill right now, so she could die.  I don't want that to happen.  If it does, I mean, it's nothing I can do about it.

"[THE COURT]:  I understand that, Mr. Lynch, but I'm not going to grant the *Cruz* waiver.  I see what you are saying.  People say, 'I have nothing to hide from,' but getting out and facing prison is hard.  I'm hoping they can bring your grandmother here.

"[DEFENDANT]:  I understand it's hard getting in and out.

"[THE COURT]:  The bottom line is I'm not going to grant the *Cruz* waiver.  I will tell you this:  I very rarely grant that.  You were closer to anybody to getting one, but I just don't because most people don't turn themselves in.  And all of a sudden your five-year offer becomes 15.  I'm not going to grant it.  [¶]  I hear what you are saying.  I understand you care greatly about your grandmother.  And if they can make arrangements to bring her, I will try to assist in any way I can to make those accomodations [*sic*] for her . . . ."

At the subsequent sentencing hearing, the trial court denied probation and sentenced defendant to two years (the middle term) for the principal offense, plus a consecutive three-year term for the firearm use enhancement, for an aggregate term of five years in state prison.  The court imposed various fees, fines, and assessments, and awarded defendant 598 days of presentence custody credit (520 actual days plus 78 days of conduct credit).

Defendant filed a timely notice of appeal.  The court granted his request for a certificate of probable cause.

DISCUSSION

Defendant contends the trial court erred when it denied his request for a *Cruz* waiver based not on the facts of the case but on a finding that defendant "would not show up because most do not." Conceding the issue is moot because the court sentenced him in conformity with his negotiated plea agreement, defendant urges us to nonetheless consider the issue "as it is likely to recur because of a stated policy of certain Placer County judges who refuse to consider or entertain *Cruz* waivers." Defendant's claim is moot.

"[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief. [Citation.]" (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.) The duty of every judicial tribunal " 'is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' [Citations.]" (*Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.)

"We have discretion to decide a case that, although moot, poses an issue of broad public interest that is likely to recur." (*People v. Osorio* (2015) 235 Cal.App.4th 1408, 1411; see also *Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.) This is not such a case.

Defendant claims the Placer County Superior Court has a "blanket policy" against *Cruz* waivers. For that proposition, he provides no support. Instead, he misconstrues the trial court's comment that it "very rarely grant[s]" such requests as a statement that the

4

trial judge presiding over his case has an "express policy against granting *Cruz* waivers," and that certain members of the Placer County Superior Court bench *never* grant such requests and indeed refuse to consider or entertain them.

As defendant concedes, he was sentenced in conformity with his negotiated plea agreement. Because defendant has failed to present an adequate record to support his contention that the trial court has a blanket policy of refusing to consider or grant requests for *Cruz* waivers, we do not find this to be a broad public interest issue that is likely to recur and we therefore need not exercise our inherent discretion to consider the merits of his appeal.

Moreover, we have difficulty understanding what defendant asks us to do here. True, in his "Conclusion" to his opening brief he asks us to "remand the matter to the Superior Court for further proceedings." But there is no issue to be considered on remand as to this defendant who has been sentenced and is serving his time in prison. Are we to remand the matter to the trial court to now consider and, if appropriate, grant his request for a *Cruz* waiver *after* he begins his prison sentence? A clearer example of a moot issue on appeal can hardly be imagined.

Defendant's request, perhaps born of his attorney's frustration with what he perceives as the Placer County court's approach to judging requests for *Cruz* waivers, can only be construed as one that asks us to investigate into, review and pass upon the *Cruz* waiver policies of every bench officer in Placer County who hears criminal cases. The Court of Appeal does not have that authority and, even if it did, we are not inclined to accept defendant's invitation of an investigation into and a policy review of individual judges' decisions in individual cases unless the matter properly comes before us in an individual case brought to us on appeal. If defendant's counsel has evidence that one or more of the judges in Placer County flatly refuses to grant *Cruz* waivers regardless of the facts in any individual case, he will have to take that matter up elsewhere.

DISPOSITION

The appeal is dismissed as moot.


      HULL      , J.


We concur:


      RAYE      , P. J.


      BUTZ      , J.